IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELA DOWLING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-447-FB |
| | § | |
| UNITED STATES ATTORNEY'S OFFICE, | § | |
| | § | |
| Defendant. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on July 2, 2024 (docket #5). On July 22, 2024, the certified mail addressed to Plaintiff Angela Dowling containing the Report and Recommendation of United States Magistrate Judge was returned by the post office with the notation "return to sender; attempted - not known; unable to forward." (Docket #8). To date, no objections or response to the Report have been filed.[1] The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.[2]

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

[2] The mailing address for Plaintiff used by the Clerk's Office in this case is the same address Plaintiff used on her Application to Proceed in District Court with Prepaying Fees or Costs which Plaintiff filed on May 1, 2024, to initiate this case. Since that time, the Plaintiff has not communicated or filed any other document with the Court.

In the Report, United States Magistrate Judge Henry J. Bemporad recommends the case be dismissed for failure to state a non-frivolous claim for relief. As he explains in the Report, Plaintiff's complaint in this case "appears only to give 'notice' of 'Threaten[ing] well being w[ith] guns[,] Robbery, Vandalism, Theft,' and '10 day late rent.' (Docket Entry 1-1, at 2.) The complaint provides no additional information whatsoever. As such, it is both conclusory and frivolous.[3] As a pro se litigant, Plaintiff was entitled to an opportunity to amend her complaint so as to state a plausible, non-frivolous claim for relief." Report & Recommendation, docket #5 at page 2. Magistrate Judge Bemporad explains further that he issued a Show Cause Order requiring the Plaintiff to amend her complaint on or before May 31, 2024 (docket #3), but Plaintiff failed to respond. Therefore, Magistrate Judge Bemporad recommends to this Court that this case be "DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-frivolous claim for relief." Report, docket #5 at page 2.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-frivolous claim for relief.

---

[3] Plaintiff is a serial filer of pro se civil cases in this District. She filed six cases in the Austin Division last year, all of which have been dismissed. See Nos. 1:23-CV-1255-RP (dismissed Dec. 1, 2023), 1:23-CV-1257-RP (dismissed Mar. 4, 2024), 1:23-CV-1263-RP (dismissed Nov. 21, 2023), 1:23-CV-1264-RP (dismissed Nov. 21, 2023), 1:23-CV-1323-RP (dismissed Dec. 27, 2023), 1:23-CV-1324-RP (dismissed Nov. 21, 2023). She has filed four cases in the San Antonio Division this year, two of which have been dismissed. See Nos. 5:24-CV-250-XR (dismissed June 28, 2024), 5:24-CV-252-JKP (dismissed Apr. 24, 2024).

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on July 2, 2024 (docket #5), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-frivolous claim for relief.  Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 28th day of July, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE